**UNITED STATES of America**
v.
**Roman Stanislaw RYBA, Appellant.**
No. 19249.

United States Court of Appeals,
Third Circuit.

Argued Dec. 15, 1970.

Decided April 23, 1971.

1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

Emil Oxfeld, Rothbard, Harris & Oxfeld, Newark, N. J., for appellant.

W. Hunt Dumont, Asst. U. S. Atty., Newark, N. J., Frederick B. Lacey, U. S. Atty., Newark, N. J., for appellee.

Before HASTIE, Chief Judge, and FREEDMAN * and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

HASTIE, Chief Judge.

The appellant, an alien and a selective service registrant, has been convicted of willful failure to report for induction into military service. His principal contention on this appeal is that he was im-

properly denied the right, given by statute to aliens other than those admitted for permanent residence, to elect whether he shall submit to or be relieved of the obligation of service in the armed forces.[1]

Before 1951 this right was enjoyed by permanent resident aliens as well. Selective Service Act of 1948, ch. 625, § 4(a), 62 Stat. 605. But since that time a "male alién admitted for permanent residence," no different from a male citizen, has been fully liable for training and service in the armed forces. 50 U.S.C. App. § 454. The government contends that the appellant is an "alien admitted for permanent residence."

At the age of 14 the appellant, with his mother and sister, emigrated from his native Poland and entered the United States through regular immigration procedures. They joined his father, who had entered the country a year earlier, and took up residence as a family in Newark, New Jersey. There the appellant attended elementary school and high school. At the age of 18 he registered for selective service. As a then high school student he was classified 1-SH. After his graduation from high school and an unsuccessful effort to obtain a hardship deferment, he was classified 1-A, found physically qualified for induction and ordered to report for induction. He did not report. Subsequently he was arrested and charged with willful failure to report for induction.

After he had been indicted, the registrant for the first time informed his board that he sought relief as an alien entitled to elect whether he would be

---

* Judge Freedman heard argument and participated in the consideration of this appeal but died before decision.

1. Any male alien between the ages of 18 and 26, "who has remained in the United States in a status other than that of a permanent resident for a period exceeding one year (other than an alien exempted from registration under this title and regulations prescribed thereunder) shall be liable for training and service in the Armed Forces of the United States, ex-

cept that any such alien shall be relieved from liability for training and service under this title if, prior to his induction into the Armed Forces he has made application to be relieved from such liability in the manner prescribed by and in accordance with rules and regulations prescribed by the President; but any alien who makes such application shall thereafter be debarred from becoming a citizen of the United States. * * *"
50 U.S.C. App. § 454(a).

liable for military service.[2] The board declined to reopen his case, thus refusing to recognize him as such an alien as the law permits to avoid military training and service.

The present record indicates, without any evidence or basis for implication to the contrary, that the 14-year-old appellant was admitted to this country with his mother as an immigrant privileged to remain permanently. In an effort to avoid this conclusion it is argued that as an infant he had made no effective choice of status. But that is beside the point. The law determines and specifies immigrant status objectively upon the basis of the circumstances and conditions of entry. Cf. United States v. Rumsa, 7th Cir. 1954, 212 F.2d 927, cert. denied, 348 U.S. 838, 75 S.Ct. 36, 99 L.Ed. 661. Thus it is provided by statute that "[t]he term 'lawfully admitted for permanent residence' means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed." 8 U.S.C. § 1101 (a) (20).[3]

The registrant's selective service board had adequate basis for subjecting him to induction as an alien admitted for permanent residence, if only because at the time of registration he signed and filed with the board a questionnaire which specified that he was an alien admitted for permanent residence. And though it is contended that the clerk of the board assisted and guided him in filling out the questionnaire, nothing appears even now to indicate that the statement of his status at that time was incorrect.

Neither is there any evidence of a change of status. There is a prescribed statutory procedure by which certain aliens lawfully admitted for permanent residence can have their status "adjusted" by the Attorney General. 8 U.S.C. § 1257. But the registrant's situation is not covered by that statute. Moreover, assuming that his status could be changed by some action of an agency charged with the administration of the immigration laws, no request for such alteration of status has been made. Rather, after having been indicted for failure to report for induction, the registrant sought relief from his selective service board as if that agency had power to change his immigrant status. In these circumstances the board properly refused to grant relief.

No other issue of substance is presented by this appeal.

The judgment will be affirmed.

2. Selective Service Regulation 1622.42(b) provides as follows:

"(b) In Class IV-C shall be placed any registrant who is an alien and who has not been admitted to the United States for permanent residence but who has remained in the United States for a period exceeding one year and who has, prior to his induction, made application to be relieved from liability for training and service in the Armed Forces of the United States by filing with the local board an Application by Alien for Relief from Training and Service in the Armed Forces (SSS Form 130), executed in duplicate. * * * "

3. The House Report explaining the provision reads:

"Aliens who meet the qualitative tests and are eligible for admission into the United States are classified under existing law as either immigrants or nonimmigrants. The immigrant class includes those aliens who seek to enter the United States for permanent residence, while the nonimmigrant class includes those aliens who seek to enter for temporary periods of stay. The present law, and the instant bill, provide that all applicants for admission who do not qualify as nonimmigrants are to be regarded as applicants for admission as immigrants." H. Rep.No.1365, 82nd Cong., 2d Sess., 1952 U.S.Code Cong. & Ad.News, pp. 1653, 1689.